of the statute conclusive evidence against the defendant. Assuming that, as against the true owner of the property, it would be necessary for the plaintiff to show by evidence other than the record of the deeds that the statute, as a statute of limitations, had been set running against such true owner, so as to destroy his title, it was not necessary as against the defendant, who is not shown to have title to the property, and does not claim under one shown to have title to the same.

The right of action against the defendant was not taken away by chapter 114 of the Laws of 1896, amending the act under which the action was brought. People v. New York Cent. & H. R. R. Co., 156 N. Y. 570, 51 N. E. 312; Stone v. Board, 166 N. Y. 86, 59 N. E. 708. Defendant has no reason to complain of the instructions of the court relating to the amount of the forfeiture.

The judgment should be affirmed, with costs. All concur.

---

(75 App. Div. 469.)

## In re COATS.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. CORPORATIONS—LOST CERTIFICATE OF STOCK—NEW CERTIFICATE.

Under Stock Corporation Law (Laws 1892, c. 688) § 50, providing that the owner of a lost or destroyed certificate of stock, if the corporation refuse to issue a new certificate, may apply for an order to show cause why it should not be required to issue a new certificate, a refusal by the corporation must be shown, and a mere request of it to issue a certificate is not enough.

2. SAME—HEARING—EVIDENCE.

Under Stock Corporation Law (Laws 1892, c. 688) § 51, providing that, on return of the order to show cause why a corporation should not issue a new certificate of stock in place of one lost or destroyed, the court shall in a summary manner, and in such mode as it deem advisable, inquire into the truth of the facts stated in the petition, proof of the facts should be taken.

3. SAME—NOTICE.

Under Stock Corporation Law (Laws 1892, c. 688) § 51, providing that, after being satisfied that petitioner is the owner of stock the certificate of which has been lost, the court shall order the corporation to issue a new certificate to him, on deposit of security to indemnify any other person thereafter found to be the owner of the lost certificate, and may direct the publication of such notice either before or after making such order as it shall deem proper, either the order to show cause should be published so as to give notice to any one claiming title to the stock, or notice should be published after the order to issue the certificate is granted, but before the certificate is delivered; the effect of the order being to devest any other person of title to the stock.

Appeal from special term, New York county.

In the matter of the application of Russell R. Coats for an order requiring the issue of a new certificate of stock of the Empire City Fire Insurance Company. From an order granting the application, the company appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Roy M. Hardy, for appellant.

Henry C. Quinby, for respondent.

INGRAHAM, J. This application is based upon sections 50 and 51 of the stock corporation law (chapter 688 of the Laws of 1892), and to justify the court in granting this application the petitioner must bring himself within the provisions of that act. It is provided by section 50 that:

"The owner of a lost or destroyed certificate of stock, if the corporation shall refuse to issue a new certificate in place thereof, may apply to the supreme court, at any special term held in the district where he resides, or in which the principal business office of the corporation is located, for an order requiring the corporation to show cause why it should not be required to issue a new certificate in place of the one lost or destroyed."

The application is to be by petition, upon presentation of which to the court an order to show cause is to be granted. Section 51 of the act provides that, upon the return of the order, the court shall in a summary manner

—"And in such mode as it may deem advisable, inquire into the truth of the facts stated in the petition, and hear the proofs and allegations of the parties in regard thereto, and, if satisfied that the petitioner is the lawful owner of the number of shares, or any part thereof, described in the petition, and that the certificate therefor has been lost or destroyed, and cannot after due diligence be found, and that any sufficient cause has been shown why a new certificate should not be issued, it shall make an order requiring the corporation within such time as shall be therein designated, to issue and deliver to the petitioner a new certificate for the number of shares specified in the order, upon depositing such security, or filing a bond in such form and with such sureties as to the court shall appear sufficient to indemnify any person other than the petitioner who shall thereafter be found to be the lawful owner of the certificate lost or destroyed; and the court may direct the publication of such notice, either before or after making such order, as it shall deem proper."

The petition in this proceeding alleges that in the year 1866 "three shares of the capital stock of the Empire City Fire Insurance Company were issued to Susan D. Watson of Perth Amboy, N. J.; that said certificate was dated in that year, but the exact date and number of such certificate are unknown to your petitioner, and cannot be ascertained by him"; that on the 31st day of July, 1902, the said Susan D. Watson sold, assigned, transferred, and set over unto one Benjamin Adams all her right, title, and interest in and to the said three shares of the capital stock of the Empire City Fire Insurance Company to his own use absolutely, for the sum of $300 in cash paid to her by the said Adams, a copy of which assignment is annexed to the petition; that the said Susan D. Watson made an affidavit that the said stock was lost or mislaid, and cannot be found, a copy of which affidavit is also annexed to the petition; that on the 4th day of August, the said Adams duly assigned, transferred, and set over to the petitioner all his right, title, and interest in and to the said three shares of the stock of the Empire City Fire Insurance Company, the assignment of which is also annexed to the petition; and that the petitioner through his attorney, whose affidavit is annexed to the petition, applied to the corporation for the issue by the said corporation of a new certificate of said stock, in place of the one lost as aforesaid; that the said corporation, by its president, refused to issue such new certificate. It also appeared from the affidavit of the

petitioner's attorney that he, on behalf of the petitioner, inquired of the president of the Empire City Fire Insurance Company what sort of a bond and other formalities they would require, under the by-laws, for the issuance of a new certificate in place of the one which was lost or destroyed. The president replied that they would require an affidavit of the loss of the certificate, and that due and diligent search has been made for it, and that after such search it could not be found; and that a satisfactory bond would be one of the American Surety Company. It also appeared that subsequently the attorney for the petitioner requested the president to allow him to inspect the by-laws for the purpose of determining what were the requirements referred to in the president's letter, and the president thereupon refused to permit the deponent to inspect the said by-laws, or to divulge the contents thereof; but there is no competent proof that either the petitioner or his attorney made a request of the corporation or any of its officers to issue a new certificate for the three shares of stock the certificate for which had been issued to Susan D. Watson, through whom the petitioner claims, nor submitted to the corporation proof of his title to the stock.

This proceeding is statutory, and to justify the court in granting the application performance of the requirements of the statute must be alleged. It is only where the corporation has refused to issue a new certificate that a proceeding can be commenced. There must, therefore, be a distinct refusal of the corporation to issue a certificate in place of the particular certificate lost or destroyed. A mere general request of the corporation as to the requirements for the issuance of a new certificate in place of one that is destroyed or lost, where the particular stock for which a new certificate is required is not specified, or a distinct request made to issue a certificate in place of that particular stock, is not such a demand as is contemplated by the statute. The provisions of this statute are plain and easily complied with; and before a corporation can be brought into court upon such an application it must have refused to issue a new certificate in place of the one claimed to have been lost or destroyed; and, in the absence of evidence of such a refusal, the court had no authority to entertain the application.

The president of the corporation, in answer to the application, interposed an affidavit in which he denied that any information in regard to the certificates mentioned in the petition said to have been issued to Susan D. Watson, and said to have been lost, was ever asked for by the petitioner, or any one on his behalf; alleges that he never had any knowledge, information, or belief that the petitioner had become or claimed to have become the owner of the stock represented by the said certificate until service upon him of the moving papers; that no application was ever made to the company by the petitioner or by his attorney for the issuing of a new certificate in place of the one said to have been lost or destroyed; and that no refusal to issue a new certificate for the lost one was ever made by the company through the deponent or any officer of the company, so far as deponent was informed. Upon the return of this order to show cause, the motion seems to have been argued before the court

upon the petition and the answering affidavit, and an order was granted denying the motion if, within two days after service of a copy of the order, the respondent (corporation) furnish to the applicant the information requisite to his compliance with the by-laws relative to the issue of a new certificate, and pay $10 costs of the motion; that, on failure of the respondent so to do within two days after service of a copy of the order, the Empire City Fire Insurance Company, its officers and directors, were required to issue a new certificate for three shares of the capital stock of the said company to the petitioner in place of the certificate originally issued to Susan D. Watson. We think this order was entirely unauthorized by the provisions of the stock corporation law, to which attention has been called. There was no proof that the corporation had refused to issue the new certificate. Nor did the court hear the proof and allegations of the parties in regard thereto as required by the statute. It is quite apparent that the statute contemplates, upon the return of the order to show cause, that the court should take proof of the facts stated in the petition. This hearing was to be summary, either before the court or before a referee, but, unless the facts upon which the application was based were proved, no order requiring the corporation to issue a new certificate could be granted.

Nor did the court, either in the order to show cause or in the final order, direct the publication of a notice as required by the section referred to. The effect of this order is to devest the person in whose name the stock stands, or a person to whom the stock may have been transferred, of the title to the stock by issuing to the petitioners a new certificate; for by section 51 of the stock corporation law it is provided that:

"Any persons claiming any rights under the certificates alleged to have been lost or destroyed shall have recourse to such indemnity and the corporation shall be discharged from all liability to such person upon compliance with such order."

No court would have authority to make such an order without notice of some kind to the person in whose name the stock stands, or to whom it may have been transferred; and it was evidently contemplated by the statute that either the order to show cause should be published in such a way as to give notice to any one claiming title to the stock, or that such publication should be made after the order was granted, but before the new certificate was to be delivered. In this case the petitioner is not the person to whom the stock was issued, but one claiming under an assignment from such person. It would be improper to require the corporation to issue a new certificate without notice to the petitioner's assignor of the stock, either personally or by such publication as would be calculated to bring notice of the application home to her, and also the publication of notice of the application, so that any one claiming an interest in the stock could have an opportunity to have his claim passed upon by the court. Other reasons are alleged by counsel for the appellant for a reversal of this order, but as, for the reasons before stated, we are of the opinion that the order cannot stand, it is unnecessary to discuss them.

It follows that the order appealed from must be reversed with $10 costs and disbursements, and the application dismissed with $50 costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.  PATTER-SON, J., concurs in result.  HATCH, J., concurs except as to costs.